## Smith v. Stern Fish Company

*John T. Curtin*, Special Assistant Attorney General, for plaintiff.

*Harry A. Rutenberg*, for defendant.

DiNubile, J., June 27, 1961.—This is an action in assumpsit brought by the Insurance Commissioner as statutory liquidator of the General Mutual Fire Insurance and Reinsurance Company (hereinafter referred to as insurance company) to collect from defendant, an assignee of an insurance policy, an assessment for his share of the losses sustained by the insurance company.

The insurance policy was originally issued for a period of one year from November 20, 1948, to November 20, 1949, at a premium of $1,352.40. The policy was assigned to defendant with the approval of the insurance company on June 15, 1949.

The insurance company became insolvent and, by order of the Court of Common Pleas of Dauphin County on November 20, 1951, the Insurance Commissioner of Pennsylvania was appointed receiver.

On May 10, 1958, the Court of Common Pleas of Dauphin County ordered and decreed that all policyholders of the insurance company who had policies in effect for a period from December 1947, to November 1, 1951, were to pay an additional premium or assessment to the Insurance Commissioner for the purpose of paying the losses of the insurance company. The decree of the court included a schedule of assessment factors for each month reflecting the proportionate share of losses per premium dollar of the members who had policies in force during said months.

The court determined the assessment factor for each month by computing the losses for each month and multiplying it by 300 percent to provide for uncollectable assessments and liquidation expenses and dividing the resultant sum by the premiums in force for each month. This assessment is a decimal which reflects the "loaded losses" per premium dollar for each month.

There is no dispute relative to the assessment factors, nor is there any conflict concerning the months involved in computing the charge. It is agreed that the period involved comprises only the five months during which defendant was the policyholder, and that the total of the assessment factors for this period is .265339. However, the litigants are in disagreement concerning the meaning of "cash premium." Plaintiff contends that the premium is the amount stated in the policy. Defendant maintains it can only mean the prorated share of the premium to cover the period from the time of the assignment, to wit: Five twelfths of the premium stated in the policy or $521.85. According to plaintiff, the liability is determined by multiplying .265339 by $1,352.40, which sum is $358.84. Defendant would multiply .265339 by $521.85, and thus restrict his liability to $138.47.

The decree of the Court of Common Pleas of Dauphin County provides for the multiplication of the

assessment factors by the "cash premium stated in the policy." The court made no mention of a prorated premium, nor could it be inferred from the unequivocal and unambiguous language of the court that the premium referred to might be a sum less than that mentioned in the policy.

The Act of May 17, 1921, P. L. 682, art. VIII, sec. 806, 40 PS §916, referring to premiums of mutual companies provides:

"The 'maximum premium' payable by any member of a mutual company, . . . shall be expressed in the policy, . . . Such maximum premium *shall be a cash premium*, . . ." (Italics supplied.)

It can readily be seen that the law imposes an obligation on mutual companies to state in their policies the "cash premium" and that, when the court used the identical language, it quoted from the statute.

Moreover, even if it were difficult to comprehend what the court meant by "cash premium," the formula by which the assessment factor is determined reveals, with mathematical certainty, its true meaning. The assessment factor is the loss per premium dollar, and, since it is based on the entire premium for any month, in order to ascertain the loss of a policyholder for each month, the factor must be multiplied by the premium stated in the policy. It is difficult to understand a mathematical formula; it is more difficult to explain its meaning and result. We hope we have succeeded in the clarification of this point. If defendant's position were to prevail it would mean that, if a policyholder with the same type of policy and premium covering the same period of time held the policy during the entire period, he would pay $573.03. However, if assigned, as in this case, then the assignee would pay $138.47, and the assignor's liability would be $131.54, or a total of $270.01, which is, undoubtedly, not only inequitable but also incorrect.

The court, therefore, finds for plaintiff in the sum of $358.84.